FILED IN COURT

OCT 27 2015

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA         :
                                 :
*versus*                         :   CRIMINAL NO. 15-102-RLB
                                 :
GEORGE TYNES                     :

### PRE-TRIAL DIVERSION AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and GEORGE TYNES ("the defendant") hereby enter into the following pre-trial diversion agreement (the "agreement").

**A.    THE DEFENDANT'S OBLIGATIONS**

   **1.    Acceptance of Responsibility**

The defendant agrees to accept responsibility for committing the criminal offense set forth in the Bill of Information, which charges that he unlawfully did take, and attempt to take, migratory game birds, that is, mourning doves, by the aid of baiting in violation of the Migratory Bird Treaty Act in violation of Title 16, United States Code, Sections 704(b)(l) and 707(a), and Title 50, Code of Federal Regulations, Sections 20.11 and 20.21(i). The defendant also agrees and admits that he engaged in all of the conduct described in the factual basis set forth in Part C of this agreement.

   **2.    Diversion Conditions**

During the entire time that this agreement remains in effect, the defendant agrees to abide by the following conditions:

a. That the defendant shall not commit another federal, state or local crime related to hunting, fishing, trapping or the taking or attempting to take any wildlife. The defendant shall notify USFWS Special Agent Ben Bryant in writing, at the U.S. Fish and Wildlife Service, 61387 Hwy 434, Lacombe, LA 70445, within 72 hours of being arrested, ticketed or questioned by law enforcement related to any wildlife offense.

## B.   UNITED STATES' OBLIGATIONS

### 1.   Deferred Prosecution

The United States agrees to defer prosecution of the defendant in this district for the offense described in the Bill of Information for a period of twelve (12) months following the effective date of this agreement.

### 2.   Non-prosecution/Dismissal of Charges

The United States agrees that if, upon the completion of the defendant's deferred prosecution period, the defendant has complied with all of the conditions of this agreement, the United States will dismiss the Bill of Information and will not prosecute the defendant for any offense related to the offense charged in the Bill of Information in this district.

## C.   FACTUAL BASIS

The United States and the defendant stipulate to the following facts:

On or about September 27, 2014, in the Middle District of Louisiana, the defendant, GEORGE TYNES, unlawfully did take, and attempt to take, migratory game birds, that is, mourning doves, while hunting over an area that had exposed wheat scattered on the soil surface. The exposed wheat was a baited area that attracted mourning doves. Prior to hunting, the defendant failed to ask and failed to check the hunting area for exposed wheat as required by law.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant

agree that, if the United States were to move forward with this prosecution, the United States would be able to prove such facts beyond a reasonable doubt.

## D. BREACH AND ITS CONSEQUENCES

### 1. Conduct Constituting Breach

Any of the following actions by the defendant constitutes a material breach of this agreement:

    a. failing to accept responsibility for the crime charged in the Bill of Information at any hearing before the Court at which this agreement is considered or reviewed;

    b. disputing or denying responsibility for the offense to which the defendant has asked the United States to defer prosecution or denying or disputing any fact contained in the stipulated factual basis; or

    c. violating the terms of this agreement, including the conditions set forth in Paragraph A(2), in any other manner.

### 2. Consequences of Breach

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement. In particular, the United States may prosecute the defendant for any criminal offense. In addition, any statements and information provided by the defendant pursuant to this agreement or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the agreement itself (including the factual basis contained in Section C), statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, and statements made in the course of any proceedings before the Court related to the Court's

acceptance of this agreement. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel).

### 3. Procedure for Establishing Breach

The United States will provide written notice to the defendant or his attorney if it intends to be relieved of its obligations under the agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by the defendant or any act of producing documents or items by the defendant pursuant to this agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the agreement has been breached is preponderance of the evidence. To prove a breach, among other evidence, the United States may use any and all statements of the defendant, including statements made to the Court, to the United States, and/or to the United States Probation Office.

## E.   WAIVERS BY THE DEFENDANT

### 1. Waiver of Ability to Object to Use of Information

Except as otherwise provided herein or in USSG § 1B1.8(b), no truthful testimony or statements by the defendant or act of producing documents or items by the defendant pursuant to this agreement, or any evidence or information derived therefrom, will be used

against the defendant in the United States' case-in-chief in any criminal trial or in any sentencing hearing involving the defendant in this case.

The United States may use all statements made by the defendant and the defendant's act of producing documents or items, and any evidence or information derived therefrom, in any other manner, including as follows: in rebuttal at any criminal trial, to cross examine the defendant in any trial or proceeding, in forfeiture proceedings, evidentiary hearings, or civil or administrative hearings, and in its case-in-chief in any prosecution for perjury, making false statements or declarations, or obstruction of justice committed on or after the effective date of this agreement.

## 2. Waiver of Statute of Limitations

The defendant hereby waives all defenses based on the applicable statutes of limitation as to the offense charged in the Bill of Information including those that the United States has agreed to dismiss in Section B(1) and all offenses that the United States has agreed not prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of a judicial finding that defendant has breached the agreement.

## F. EFFECT OF AGREEMENT

### 1. Effective Date

This agreement is not binding on any party until signed by the defendant, defendant's counsel, and attorney for the United States.

## 2. Effect on Other Agreements

This agreement supersedes any prior agreements, promises, or understandings between the parties, written or oral.

## 3. Effect on Other Authorities

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

## 4. Effect of Rejection by Court

The Court may accept or reject this agreement. If the Court rejects the agreement, the agreement is no longer binding on the parties and is not binding on the Court. If the Court rejects the agreement, the defendant will be given the opportunity to withdraw his acceptance of responsibility statement and such withdrawal will not constitute a breach of the agreement.

## G. REPRESENTATIONS AND SIGNATURES

I, GEORGE TYNES, have read the Bill of Information and this agreement. I have discussed both documents with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation.

I understand that charges have been referred to the Office of the United States Attorney for prosecution. I understand that I must accept responsibility for my conduct in order to participate in the Pre-Trial Diversion Program.

I hereby request that the United States Attorney for the Middle District of Louisiana defer prosecution for twelve (12) months from the Court's approval of this agreement.

I understand that if I violate any condition of the Pre-Trial Diversion Program during the period of deferment, the United States Attorney may proceed with prosecution for all offenses related to the actions described in the Bill of Information.

In the event that prosecution resumes, I agree that any delay resulting from this agreement should be considered a necessary delay, at my request. I understand that any delay resulting from this agreement is excluded under the Speedy Trial Act (18 U.S.C. § 3161(h)(2)).

I understand this agreement and agree to comply with its terms.

_____    DATE: 10-23-15
George Tynes
Defendant

## G.  REPRESENTATIONS AND SIGNATURES (CONTINUED)

_____    DATE: 10-22-15
Joseph J. Long
Counsel for Defendant

_____    DATE: 10/27/15
J. Walter Green
United States Attorney
Middle District of Louisiana

_____    DATE: 10/27/2015
Lyman E. Thornton III
Assistant United States Attorney
Middle District of Louisiana

## APPROVAL OF THE COURT

**CONSIDERING** the foregoing Pretrial Diversion Agreement, and finding the diversion defendant has been fully informed of the terms thereof and knowingly and voluntarily enters into it, the Agreement for Pretrial Diversion is hereby approved.

Baton Rouge, Louisiana, this 27th day of October, 2015.

_____
RICHARD L. BOURGEOIS
UNITED STATES MAGISTRATE JUDGE